JUDGE BATTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

'07 CIV 6040

FANESS FRANCE,

                     Plaintiff,

        -against-

VIACOM INC., 15125 Broadway New York
New York, SUMNER REDSTONE; ETHAN
GOLDMAN; JOE NEWFIELD; ROBIN E.
SILVERMAN; MALLORY D. LEVITT;
SELENE H. COSTELLO; COPYRIGHT
INFRINGEMENT from "Vintage Soul" for
"Say It Loud," and Corruption & co-conspirators
ESPN Sports - "Vintage NBA," Rhino Records-
"Say It Loud" CD's; OPRAH WINFREY -
"Vintage Oprah," QUINCY JONES -"Say It
Loud"; BET - Black Entertainment Television -
"Vintage BET"; MALLORY D. LEVITT &
ERIC BEYER, Trademark (corruption)-
"Vintage Soul" (wetsuit store) and the NAACP,
JULIAN BOND Chairman & Assistant, JASMINE
POWELL - Corruption,

                     Defendants.

————————————————————————X

ORDER OF DISMISSAL



      Plaintiff brings the instant complaint *pro se* alleging that defendants "Viacom Inc., [ ] ESPN

Sports, Rhino Records, Oprah Winfrey, and Quincy Jones and others, were all co-conspirators of

a CONSPIRACY to help VIACOM in the theft and the cover-up of a TV Show . . ." Compl. at 1.

Plaintiff's application to proceed *in forma pauperis* is granted but, as set forth below, the complaint

is dismissed.

Discussion

**Conspiracy**

      Granting plaintiff's complaint the liberal reading required by  <u>Haines v. Kerner</u>, 404 U.S.

519, 520-21 (1972) (per curiam), it may be construed as a complaint under 42 U.S.C. § 1985,

alleging a conspiracy by two or more persons to deprive plaintiff of the equal protection of the laws.

Claims of conspiracy, however, that are vague and provide no basis in fact must be dismissed.  <u>See</u>

1

Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (dismissing prisoner's retaliation claim in part because retaliation claims were "unsupported, speculative, and conclusory") (internal quotation marks omitted); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) (holding that complaint must not rely on "vague, prolix allegations of a conspiracy" and must allege overt acts); McArthur v. Bell, 788 F. Supp. 706, 711 (E.D.N.Y. 1992) (holding that conspiracy claims are "highly disruptive" and therefore "vague and conclusory allegations" are insufficient) (citations omitted); see also Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993) ("A complaint containing only conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.") (citations and internal quotation marks omitted); Zemsky v. City of New York, 821 F.2d 148, 151 (2d Cir. 1987) ("[A] pro se complaint 'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'" (quoting Somer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983)).

Plaintiff alleges, for example, that "[w]hat Oprah Winfrey did is to help steal Plaintiff Faness France['s] TV Show, "VINTAGE SOUL. Plaintiff is under the impression that it was time for Oprah Winfrey to pay back Mr. Jones [ ] for all the great things he's done for her, all on the back of plaintiff 25 years of hard struggling, facing discrimination on all fronts." Compl. at 5. Plaintiff further alleges that "[p]laintiff and others feel that a store that sells WETSUITS located in NJ was set up to continue the cover up . . ." Compl. at 7. Plaintiff's unsupported, speculative and conclusory allegations are insufficient to sustain a claim for conspiracy and must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**Copyright Infringement**

The Copyright Act requires that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); see also Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 453 (2d Cir. 1989) ("proper registration is a prerequisite to an action for infringement"). Plaintiff fails to allege that she has a properly registered a copyright, and therefore fails to satisfy

this prerequisite for a suit for copyright infringement.  Plaintiff's claim for copyright infringement is therefore dismissed.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

**State Law Claims**

Given that plaintiff fails to state a claim under any of the federal statutes asserted, there is no basis for the exercise of subject matter jurisdiction over this action.  See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Auth. of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)) ("[w]here jurisdiction is lacking, . . . dismissal is mandatory."); see also Fed. R. Civ. P. 12(b)(1) and 12(h)(3).  Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a pendant state law claim if "the district court has dismissed all claims over which it has original jurisdiction."  In making this discretionary determination, the district court considers "judicial economy, convenience, fairness and comity." Motorola Credit Corp. v. Uzan, 388 F.3d 39, 56 (2d Cir. 2004).  As a general proposition, "if [all] federal claims are dismissed before trial, . . . the state law claims should be dismissed as well.  Id. (citing Castellano v. Bd. of Trustees, 937 F.2d 752, 758 (2d Cir. 1991)).  Given the early stage of this litigation, the Court declines to exercise supplemental jurisdiction over any state law claims plaintiff may be asserting against the NAACP or other defendants.

**Conclusion**

According this *pro se* complaint the close and sympathetic reading to which it is entitled, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), plaintiff's allegations fail to state a claim upon which relief may be granted as to any of her claims based on federal law.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Under 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims.  I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S.

3

438, 444-45 (1962).

SO ORDERED.

*Deborah A. Batts*

DEBORAH A. BATTS
Acting Chief Judge

Dated:   **JUN 2 6 2007**
       New York, New York

4